## Collins, etc., et al. v. Bannerman

*Julian W. Barnard*, for plaintiffs.

*High, Dettra & Swartz*, for defendant.

DANNEHOWER, J., May 29, 1942.—This is an action in trespass to recover damages from defendant for property damage to plaintiff's automobile, and also for personal injuries sustained as a result of a collision of automobiles on February 2, 1941, in the Borough of Norristown, Pa. Defendant, driver of one of the automobiles involved, is now in the military service of the United States.

A petition for a stay of the proceedings under section 201 of the Act of Congress, known as the Soldiers' and Sailors' Civil Relief Act of October 17, 1940, 54 Stat. at L. 1178, was presented on behalf of defendant. An answer thereto was filed by plaintiffs and depositions were taken.

After argument before the court en banc, this matter is pending for decision.

From the petition, answer thereto, and the depositions are to be gathered the following uncontroverted facts:

Defendant, Richard P. Bannerman, is 19 years of age and resides with his father, William S. Bannerman, at 285 North Highland Avenue, Lansdowne, Delaware County, Pa. The father has been appointed guardian ad litem for his minor son.

Defendant is now in the military service of the United States, being located at Greenville, Miss., and is serving in the "Basic Flying School" branch of the military service, where he is presently engaged in the capacity of an instructor in blind flying, he being ineligible to be commissioned until he becomes 20 years of age.

At the time of the accident defendant was operating his father's car, which is insured against public lia-

bility, with personal injuries limits of $5,000 and $10,-000, and $5,000 property damage limit. Counsel for plaintiff has agreed to restrict the claim for property damage to $600 and $5,000 for personal injuries, so that the insurance policy limits will not be exceeded.

Counsel for the insurance carrier is counsel of record for defendant and is, also, petitioner for the stay.

At the time of the accident, three other persons, in addition to defendant, were passengers in his car and presumably are available as witnesses.

Defendant was home on furlough for 15 days in February 1942 and on two occasions over week-ends.

The father testified that his son was not allowed to leave the field under any conditions, unless furloughed. Neither defendant himself nor his guardian ad litem has applied for a stay of proceedings, nor has any good reason been advanced why defendant's depositions could not be taken.

It does not follow, simply because defendant is in the military service, that a plaintiff is left without a remedy for the duration of the war and 60 days thereafter. The act itself provides that a stay shall be granted unless, in the opinion of the court, the ability of plaintiff to prosecute, or defendant to conduct his defense, is not materially affected by reason of his military service.

"The Soldiers' and Sailors' Civil Relief Act of 1940 was not passed for the benefit of insurance companies": Craven et al. v. Vought, 58 Montg. 15.

We cannot overlook the fact that plaintiffs have restricted their claim within the insurance policy limits; that three other available witnesses were riding with defendant; that defendant has had several leaves of absence and may procure one in the future; that no effort has been made to take defendant's depositions; and that plaintiffs will be subjected to an unnecessary hardship and temporarily, at least, be deprived of substantial rights.

Under all these circumstances, we are of the opinion that the stay should be allowed temporarily only to give defendant, his guardian ad litem, and counsel an opportunity to arrange for a furlough, or the taking of defendant's depositions, so that the trial will not be postponed indefinitely.

And now, May 29, 1942, for the foregoing reasons, the rule to show cause why the proceedings should not be stayed is hereby made absolute for a period of five months, so that the case may be tried during the week of civil court of November 16, 1942, with defendant present or his depositions. The prothonotary is requested to place this case on the issue list so that counsel will have an opportunity to mark the same for trial for the week of November 16, 1942, and, in the event that defendant will be present, to give said case a favorable position on the list.